IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON GLENN on Behalf of Himself and All Others Similarly Situated, | ) ) ) | Class & Collective Action |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:24-cv-42 |
| JAVELINA CONSTRUCTION, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

This is a Class and Collective Action brought on behalf of all former and current operators of Defendant ("the Class" and the Collective Class") against Defendant, Javelina Construction, Inc.

### I. Parties

1. Each member of the Class and Collective Class is or was an operator of Defendant at all times relevant to this action.

2. Plaintiff is a resident of Hamilton County, Indiana.

3. Defendant is an incorporated company that is headquartered in Fishers, Indiana.

### II. Jurisdiction and Venue

4. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Collective bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

5.    This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

6.    Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendant doing business in this District.

### III.    Class and Collective Action Allegations

7.    Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as operators of Defendant ("the Collective Class").

8.    Plaintiff brings this case as a class action pursuant to Rule 23(a) and Rule 23(b)(3) on behalf of a class consisting of all similarly situated persons who are or were employed as operators of Defendant ("the Class").

9.    The members of the Class and Collective were paid on an hourly basis.

10.    The members of the Collective Action routinely worked forty (40) or more hours in one workweek.

11.    The members of the Class and Collective were not paid for all travel time spent traveling to out-of-town worksites.

12.    The members of the Class and Collective were not paid for all travel time spent traveling back to the shop from out-of-town worksites.

13.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action.  The names, addresses, and relevant documentation of members of the Class and Collective should be in the business records of Defendant.  Notice may be provided to

members of the Class and Collective or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

14. Upon information and belief, the Rule 23 Class consists of more than 40 potential class members which satisfies Rule 23(a)(1).

15. The claims of the potential Class members derive from common operative facts and a common course of conduct which satisfies Rule 23(a)(2).

16. The claims of the potential Class members are based upon the same legal theory arising from a common course of conduct which satisfies Rule 23(a)(3).

17. Proposed Class Counsel is experienced in representing Class claims and prosecuting claims under the Wage Payment Statute which satisfies Rule 23(a)(4).

### IV.   Factual Allegations

18. Plaintiff worked as an operator for Defendant.

19. Plaintiff began working for Defendant in March of 2019.

20. Plaintiff was paid on an hourly basis.

21. Plaintiff was not paid for all travel time spent traveling to out-of-town worksites.

22. Plaintiff was not paid for all travel time spent traveling back to the shop from out-of-town worksites.

23. This unpaid work time was either regular or overtime hours.

24. Plaintiff routinely worked over forty (40) hours or more hours in a workweek from January 2022 until his employment with Defendant ended.

25. Plaintiff routinely worked over forty (40) or more hours in a workweek from January 2021 to January 2022.

26. Defendant did not have a good faith reason for failing to pay Plaintiff these all of his regular hours travel time.

27. Defendant willfully failed to pay Plaintiff all of his overtime hours travel time.

28. Plaintiff was terminated by Defendant in August 2023.

29. The Office of the Attorney General in conjunction with the Department of Labor referred the wage claim of Plaintiff to counsel for Plaintiff on November 13, 2023.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

30. Plaintiffs incorporate paragraphs 1 through 29 by reference herein.

31. Plaintiff and the members of the Collective Class are or were employees of Defendant pursuant to the FLSA.

32. Defendant is an employer pursuant to the FLSA.

33. Plaintiff and the members of the Collective Class are covered employees pursuant to enterprise coverage under the FLSA.

34. Defendant had gross revenues of at least $500,000.00 for the 2020 calendar year.

35. Defendant had gross revenues of at least $500,000.00 for the 2021 calendar year.

36. Defendant had gross revenues of at least $500,000 for the 2022 calendar year.

37. Plaintiffs and the members of the Collective Class have been and continue to be damaged by Defendant's violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Class for the overtime wages owed to them during the course of their employment with Defendant with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II - Class Action
### Wage Payment Statute

38. Plaintiffs incorporate paragraphs 1 through 37 by reference herein.

39. Plaintiff and the Class members were not paid all wages due and owing to them during their employment.

40. Plaintiff and the members of the Class have been and continue to be damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

  A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

  B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

  C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

  D. Enter an award for such other relief as may be just and appropriate.

        Respectfully submitted,

        WELDY LAW

        /s/Ronald E. Weldy
        Ronald E. Weldy, #22571-49

### Count II – Individual Claim
### Wage Claims Statute

41. Plaintiffs incorporate paragraphs 1 through 40 by reference herein.

42. Plaintiff was not paid all wages due and owing to him on his last paycheck.

43. As an alternative claim, Plaintiff was not paid all wages due and owing to him during his employment.

44. Plaintiff has been damaged by Defendant's violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

  A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

    B.    Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

    C.    Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

    D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

45. Plaintiff incorporates paragraphs 1 through 44 by reference herein.

46. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN  46037
Tel: (317)842-6600
E-mail: rweldy@weldylegal.com